## J. L. BROWN v. RUTH LITTON, by next friend.

Western Section.   March 23, 1928.

W. W. Herron and W. R. Kinton, of Trenton, for plaintiff in error.

L. E. Elkins, of Trenton, for defendant in error.

HEISKELL, J. On April 3, 1923, F. E. Baker, recovered a judgment before O. T. Love, a Justice of the Peace, of Gibson county, Tennessee, against John Litton, for the sum of three hundred, twenty-four and eighty-eight ($324.88) hundredths dollars, principal and interest, in the sum of forty and fifty-eight hundredths ($40.58) dollars.

On the 5th day of January, 1927, an execution was issued on said judgment and placed in the hands of J. L. Brown, a deputy sheriff, of Gibson county, Tennessee, who levied said execution on a piano as the property of John Litton, on the 18th day of January, 1927.

On January 20, 1927, by her mother, Mrs. Lula Litton, as next friend, Ruth Litton, a minor eighteen years of age, replevied said piano from said J. L. Brown, the deputy sheriff levying the execution upon it, as the property of the said Ruth Litton, and on the 8th day of February, 1927, the cause was tried before Marvin Fisher, a Justice of the Peace, in and for Gibson county, Tennessee, who gave a judgment in favor of the plaintiff, Ruth Litton, and against the said J. L. Brown, for the possession of said piano and taxed said Brown with the cost of the cause, from which judgment an appeal was prayed and granted to the circuit court of Gibson county, Tennessee, which appeal was perfected and the case was tried in the circuit court of Gibson county, Tennessee, before the Honorable W. W. Bond, Circuit Judge, without the intervention of a jury, on the 8th day of August, 1927, and a judgment was rendered in favor of the plaintiff, Ruth Litton, for the possession of the piano, and the defendant, J. L. Brown, was taxed with the costs. Thereupon, a motion for a new trial was made by the defendant, J. L. Brown, which was overruled and disallowed, and motion was made in arrest of judgment, which was likewise overruled and disallowed, and appeal was prayed and granted to this court.

The three assignments of error all go to the contention that there is no evidence to support the judgment of the trial court. The claim of error, however, presents this feature, that assuming the facts as the trial court must have found them, the judgment is erroneous in law.

Taking the evidence most strongly in favor of the plaintiff, Ruth Litton, it shows, that some thirteen years before the trial, an old piano was left at the house of John Litton, by a dealer, with the statement, that if he did not call for it, the girls could have it. There were two girls then, but one died, leaving Ruth. Some five years before the trial, when Ruth was perhaps, about thirteen years old and studying music, she and her mother arranged to purchase the piano in controversy, from John D. Phelan, trading in the old piano at twenty-five ($25) dollars. John Litton told Phelan he was not able to buy a piano, and the trade was made with Mrs. Litton and

Ruth. When it came to signing the conditional sale notes, however, Phelan demanded that John Litton sign the notes and he did. Phelan said the company required that, meaning of course, that they were not willing to take a written contract signed only by a married woman and a minor. Mrs. Litton paid the installments on the piano out of her earnings, and Ruth used it in studying music, and at the time of the trial, at eighteen years of age, was a music teacher. It was understood by John Litton and his wife, that the piano belonged to Ruth.

Sometime after the purchase of this piano, John Litton was sued for a grocery bill, and in order to raise the money to settle the account, executed a mortgage on the piano and Ruth signed a written authority to him to do so. A good deal is said about this in argument for appellant, but it can only be taken as bearing on the question of the weight of the evidence, as going to show that John Litton claimed the piano. If he did not recognize the title of Ruth, why take her written consent to the mortgage. If the piano became hers at the time of the purchase and her father had given a mortgage on it without her consent, it would have been a stronger evidence of his claim but it would not have affected her right. The fact that John Litton signed the notes to purchase the piano made him liable to the seller, but if this was merely a formality between him and the daughter, to enable Ruth and her mother to make the purchase and he had nothing more to do with it, but knew and agreed that the purchase was made for Ruth and he paid nothing on it, then his signing the notes did not prevent her right from attaching.

We think there is both evidence and law to support the judgment of the trial court and it is affirmed.

Appellant and sureties on appeal bond will pay the cost of appeal.

Owen and Senter, JJ., concur.